1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES KERN,                               No.  2:23-cv-0252 AC P

12                Plaintiff,

13        v.                                    ORDER

14   SACRAMENTO COUNTY SHERIFF, et
     al.,

15
                  Defendants.
16

17

18        Plaintiff is a county prisoner proceeding pro se.  Currently before the court is plaintiff's

19   first amended complaint.  ECF No. 11.

     I.      Statutory Screening of Prisoner Complaints
20
          The court is required to screen complaints brought by prisoners seeking relief against "a
21
     governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).
22
     The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
23
     "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
24
     monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).
25
          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
26
     Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
27
     Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
28

                                              1

theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

II.     First Amended Complaint

The first amended complaint alleges that defendants Nageswaran, Tsieng, and Ho, who are all identified as doctors, violated plaintiff's rights under the Fourteenth Amendment.[1]  ECF No. 11.  Plaintiff was placed in the Sacramento County Jail on October 7, 2022, in a cell with mold problems.  Id. at 4.  Due to plaintiff's allergy to mold, he suffered from breathing problems, chest pain, and numbness and weakness in his left arm and hand, and was transported to the hospital on multiple occasions.  Id.  He was later informed that he suffered from nerve damage. Id.  Plaintiff also experienced issues having his blood pressure taken on his left arm and suffers from extreme sensitivity to the cold, both of which have caused his left hand to be paralyzed most of the time.  Id.  Nageswaran has repeatedly ignored or delayed plaintiff's treatment.  Id. at 3. She refused to provide plaintiff with information regarding the medication he was prescribed, told him that he would "never make it past her to see a neurologist," and did not inform him of his nerve damage diagnosis until she was ordered to do so by a court order.  Id.  It has been year and plaintiff has yet to see a neurologist.  Id.  Tsieng allegedly took plaintiff off the medications prescribed by Nageswaren, telling plaintiff that there were psych medications involved.  Tsieng also told plaintiff he had been treated poorly because medical was tired of hearing about the blood pressure cup incident and the mold in his cell.  Id.  Ho has ordered x-rays on two occasions but has failed to make plaintiff's case a priority and keeps telling plaintiff that he will be seen by a nerve doctor or have a nerve conduction study done soon.  Id.

III.    Analysis

To state a claim for deliberate indifference under the Fourteenth Amendment, plaintiff must allege facts showing

---

[1]  Plaintiff cites both the Eighth and Fourteenth Amendments but does not specify whether he was a pretrial detainee or convicted prisoner at the time of the alleged violations.  ECF No. 11 at 3-4. For screening purposes, the undersigned will assume that plaintiff was a pretrial detainee and consider the claims under the less rigorous Fourteenth Amendment standard.  See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).

(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff's allegations against defendant Nageswaran are sufficient to sate a claim of deliberate indifference and she will be required to respond to the complaint. However, plaintiff has failed to allege sufficient facts to state claims against defendants Tsieng and Ho.

Plaintiff fails to provide any facts regarding Tsieng's decision to take him off the medication Nageswaran prescribed that would demonstrate doing so put plaintiff at risk. And while Tsieng told plaintiff why he was treated poorly by medical staff, there are no facts indicating that Tsieng was responsible for any of the poor treatment plaintiff received. With respect to Ho, the allegations demonstrate that Ho ordered x-rays and was attempting to have plaintiff seen by a nerve specialist and to have a nerve conduction study done. There are no facts indicating that the delays were due to Ho's conduct or that Ho's failure to make plaintiff's case a priority was unreasonable.

IV.   Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants Tsieng and Ho. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendant Nageswaran on his deliberate indifference claim or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his deliberate indifference claim against defendant Nageswaran without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a

1    voluntarily dismissal without prejudice of all claims against defendants Tsieng and Ho.

2         If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

3    about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

4    423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

5    defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

6    There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

7    connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

8    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

9    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

10   268 (9th Cir. 1982) (citations omitted).

11        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

12   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

13   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

14   amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

15   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

16   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

17   in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

18   any previous complaints no longer serve any function in the case.  Therefore, in an amended

19   complaint, as in an original complaint, each claim and the involvement of each defendant must be

20   sufficiently alleged.

21        V.    Plain Language Summary of this Order for a Pro Se Litigant

22        Some of the allegations in the complaint state claims against the defendants and some do

23   not.  You have stated a claim for deliberate indifference against defendant Nageswaran.  You

24   have not stated any claims for relief against defendants Tsieng and Ho because you have not

25   provided facts showing that either defendant made decisions regarding your care that put you at

26   risk and that were unreasonable.

27        You have a choice to make.  You may *either* (1) proceed immediately on your deliberate

28   indifference claim against Nageswaran and voluntarily dismiss the other claims, *or* (2) try to

1    amend the complaint.  If you want to go forward without amending the complaint, you will be

2    voluntarily dismissing without prejudice your claims against Tsieng and Ho.  If you choose to file

3    an amended complaint, it must include all claims you want to bring.  Once an amended complaint

4    is filed, the court will not look at any information in the original complaint.  **Any claims and**

5    **information not in the first amended complaint will not be considered.**  You must complete

6    the attached notification showing what you want to do and return it to the court.  Once the court

7    receives the notice, it will issue an order telling you what you need to do next (i.e. file an

8    amended complaint or wait for defendants to be served).

9                                        CONCLUSION

10           In accordance with the above, IT IS HEREBY ORDERED that:

11           1.  Plaintiff's allegations against defendants Tsieng and Ho do not state claims for which

12    relief can be granted.

13           2.  Plaintiff has the option to proceed immediately on his deliberate indifference claim

14    against defendant Nageswaran as set forth above, or to amend the complaint.

15           3.  Within fourteen days of service of this order, plaintiff shall complete and return the

16    attached form notifying the court whether he wants to proceed on the screened complaint or

17    whether he wants to file an amended complaint.  If plaintiff does not return the form, the court

18    will assume that he is choosing to proceed on the complaint as screened and will recommend

19    dismissal without prejudice of the claims against defendants Tsieng and Ho.

20    DATED: October 25, 2023

21    _____

22    ALLISON CLAIRE
      UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KERN , | No.  2:23-cv-0252 AC P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| SACRAMENTO COUNTY SHERIFF, et al., | |
| Defendants. | |

Check one:

_____ Plaintiff wants to proceed immediately on his deliberate indifference claim against defendant Nageswaran without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all claims against defendants Tsieng and Ho pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants to amend the complaint.

DATED:_____

_____
James Kern
Plaintiff pro se

1